THOMAS A. JOHNSON, #119203
400 Capitol Mall, Suite 1620
Sacramento, California  95814
Telephone:  (916) 422-4022
Attorney for Robert Duncan

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br>ROBERT DUNCAN,<br><br>　　　　Defendant. | Case No.: 2:12-cr-00255-GEB<br><br>DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTIONS TO THE PSR |

**I – SENTENCING MEMORANDUM**

　　The Pre-Sentence Report ("PSR" recommended a sentence of 78 months based upon a Total Offense Level of 28 and a Criminal History Category I.  The Department of Justice's sentiment towards federal marijuana prosecutions have changed since Mr. Duncan signed the plea agreement.  Now it seems unlikely that a case like Mr. Duncan's would be federally prosecuted.  Therefore, Defendant submits the following Sentencing Memorandum and asks the Court to impose a sentence of probation.  If the Court is inclined to impose a sentence, Defendant asks the Court allow

- 1 -

Defendant to service such a sentence through electronic monitoring.

1. **Mr. Duncan Should Not Receive an Enhancement for Maintaining a Residence**.

   The PSR includes a 2-point enhancement pursuant to USSG § 2D1.1(b)(12).¶¶ 15 and 44  Mr. Duncan asks the Court objects to this enhancement.  The AUSA also objected to this enhancement in an email to Probation on May 23, 2013. With regard to this enhancement, the Application Notes states, "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." USSG § 2D1.1 cmt n. 28.

   The PSR includes this enhancement because Mr. Duncan was hired by co-defendants Davies and Smith to maintain a property located at 3115 Autumn Chase Circle in Stockton. However, the residence was leased by Lynn Smith and the rent and utilities were paid by Lynn Smith and Matthew Davies.  Mr. Duncan was a salaried employee of them and stayed there only at the request of Mr. Smith and Mr. Davies.  It was Mr. Smith and Mr. Davies who owned the marijuana grows and who were financially responsible for the maintenance of the properties.  The plea agreements of Mr. Smith and Mr. Davies have added two points for maintaining a place.  They leased both charged grow

facilities, the paid all the expenses at the grow facilities, and they directed what was done there and who worked there.

The factual basis of the plea agreement does not indicate anything regarding maintenance of the property in order to avoid detection. Furthermore, everything that was done at the property by Mr. Duncan was done at the direction of the owners and primary beneficiaries of the marijuana grow. The residence was leased by Lynn Smith and Robert Duncan was merely an employee who had lived at that location. Therefore, based upon the factors in the application notes, Mr. Duncan respectfully requests that the PSR remove this enhancement from the guideline calculations because he did not have a possessory interest in the property and all of his actions at the property were directed by his employers.

2. **Mr. Duncan Should Not Receive an Adjustment for His Role in the Offense**.

Please reconsider Mr. Duncan's role in the offense. The PSR included a 3-level increase pursuant to USSG § 3B1.1(b). ¶ 16. Mr. Duncan objects to this enhancement and asks that the PSR neither add nor decrease levels based upon role in the offense.

Under the Aggravating Role section, the application notes discuss the background purpose for any increase and states:

> This section provides a range of adjustments to increase the offense level based upon the size of a criminal organization (i.e., the number of participants in the offense) and the degree to which the defendant was responsible for committing the offense. This adjustment is included primarily because of concerns about relative responsibility. However, it is also likely that persons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it and present a greater danger to the public and/or are more likely to recidivate.

Mr. Duncan only received $50,000 per year through his employment by Davies and Smith. Comparatively, as it is noted in the PSR, Davies and Smith received millions of dollars. Such a disparity in profit warrants that no increase is applied to Mr. Duncan's guideline calculations since the guidelines indicate that people who tend to profit more should be punished more. Additionally, the increases are to punish people who pose a greater danger to the public and are more likely to recidivate. Prior to this offense, Mr. Duncan has no criminal history and does not pose a danger to society. It is unlikely that he will recidivate.

In determining whether a person's role was aggravating or mitigation, the court will look at the totality of the circumstances. Mr. Duncan was an unemployed 28 year-old with a Bachelor's degree from California State University at Chico. He was looking for work and his family was having a difficult time. He was a close friend of Lynn's son and Lynn offered him the job at $50,000 a year. Mr.

Duncan had no prior experience with growing marijuana. Therefore, based upon the totality of the circumstances and the fact that the background factors for applying the increase do not apply, Mr. Duncan asks that you do not increase for his role in the offense.

3. **An Analysis of the Factors in 18 U.S.C. § 3553 Warrant a Downward Departure**

When determining the particular sentence to be imposed, the nature and circumstances of the offense and the history and characteristics of the defendant should be taken into consideration. 18 U.S.C. § 3553(a)(1). Another factor to consider is the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

On August 29, 2013, "Attorney General Eric Holder informed the governors of Washington and Colorado that the Department of Justice would allow the states to create a regime that would regulate and implement the ballot initiatives that legalized the use of marijuana for adults."[1] The Department of Justice issued a memorandum that outlined 8 priorities the DOJ will prosecute with respect

---

[1] *See* http://www.huffingtonpost.com/2013/08/29/eric-holder-marijuana-washington-colorado-doj_n_3837034.html

to marijuana, none of which apply to the facts of this case. After recreational marijuana initiatives passed in Washington and Colorado in November, President Barack Obama said the federal government had "bigger fish to fry" and would not make going after marijuana users a priority. *Id.* Therefore, based upon the DOJ's remarks on federal marijuana prosecutions, the nature of the offense is no longer as serious and warrants a downward departure.

Another factor to consider under 18 U.S.C. §3553(a)(2) cites "respect for the law, just punishment, adequate deterrence, protecting the public, and rehabilitation" as necessary sentencing objectives. A sentence of probation or a sentence on electronic monitoring is more than adequate to punish a man who had no previous criminal history and will also satisfy society's need for deterrence. Finally, this sentence will provide the public with protection against even the remote possibility of any future illegal conduct by Mr. Duncan.

Mr. Duncan was an unemployed 28 year-old with a Bachelor's degree from California State University at Chico. He was looking for work and his family was having a difficult time. He was a close friend of Lynn's son and Lynn offered him the job at $50,000 a year. Mr. Duncan was salaried and paid taxes on his income. Mr. Duncan had no prior experience with growing marijuana. Based upon the plea agreements, Mr. Davies, who is the most culpable, the government will suggest he be sentenced to 5 years and Mr. Duncan 2 years. Even though Mr. Duncan only received less

than a fraction of the percentage of profits, he may be sentenced to a significant amount of time. Such a result is inequitable and we ask that you find a downward departure is warranted for Mr. Duncan.

Mr. Duncan's life will suffer with the mere conviction of this felony offense. After his release Mr. Duncan will have to live the life of a convicted felon, a mark that will follow him around for the rest of his life. It will affect his ability to obtain quality jobs that people who have obtained Bachelor's degrees normally maintain. It will affect his ability to apply for student loans should he want to further his education. Mr. Duncan is only 30 years-old and will have to live with this conviction during a time when he should be building a career. Therefore, based upon the nature of the offense, DOJ's recent remarks regarding marijuana, and Mr. Duncan's character, we ask that you amend the PSR and find a downward departure is warranted and sentence to Mr. Duncan to probation. In the alternative, if the Court imposes a sentence, Mr. Duncan asks that the Court orders the sentence can be done through electronic monitoring.

## II – CONCLUSION

Based upon the objections and the analysis of the sentencing guidelines as they are applicable to the facts of Mr. Duncan's case, the Court should sentence Mr. Duncan to the following:

```
Base Offense Level =                                26
Adjustment for Acceptance of Responsibility =       -2
USSG 3E1.1(b) Reduction =                           -1
Total Offense Level =                               23
```

The Sentencing Table provides a guideline range of 46 - 57 months for a Total Offense Level of 23 and a Criminal History Level I. The Court should reconsider the factors in 18 U.S.C. § 3553(a) in light of these objections and recommended sentence of probation or a sentence to be served on electronic monitoring.

DATED: December 9, 2013

Respectfully submitted,

/s/ Thomas A. Johnson
THOMAS A. JOHNSON
Attorney for Robert Duncan