WILLIAM J. PORTANOVA, State Bar No. 106193
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814
Telephone: (916) 444-7900
Fax: (916) 444-7998
Portanova@thelawoffices.com

Attorney for Lynn Ferrell Smith

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-00255-2 GEB |
| Plaintiff, | **DEFENDANT SMITH SENTENCING MEMORANDUM** |
| v. | |
| LYNN FERRELL SMITH, | Date: 12/20/13 |
| Defendant. | Time: 9:00 a.m. |
| | Dept: The Hon. Garland E. Burrell, Jr. |

**I.**

**INTRODUCTION**

Defendant Lynn Ferrell Smith submits the following memorandum to the Court in aid of sentencing.

**II.**

**IN DETERMINING A SENTENCE, THE COURT SHOULD CONSIDER THE GUIDELINES AND THE FACTORS LAID OUT IN 18 U.S.C. 3553(a).**

In *Rita v. United States*, 551 U.S. 338 (2007) the Supreme Court stated that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *Id* at 551 U.S., at 347–348. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. *Gall v.*

*United States*, 552 U.S. 38, 49 (2007). The Guidelines are not the only consideration, however. *Id*. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. *Id*. at 51.

As stated in 18 U.S.C. § 3553(a), the factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for;

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Highly relevant--if not essential--to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. *Pepper v. United States*, 131 U.S. 1229 (2011) (citing *Williams v. New York*, 337 U.S. 241, 246-247 (1949) (overruled on other grounds).

"Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family

ties, or military, civic, charitable, or public service are not ordinarily considered under the Guidelines. See United States Sentencing Commission, Guidelines Manual 5H1.1-6, 11, and 12 (Nov. 2006). <u>These are, however, matters that § 3553(a) authorizes the sentencing judge to consider.</u>" *Rita v. United States*, 551 U.S. 338, 364-365 (2007). (Emphasis added).

Sentencing judges are statutorily authorized to consider these matters via 18 U.S.C. 3661: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

In that regard, defendant Lynn Smith, age 63, has been a model citizen for most of his life. Mr. Smith has worked hard, paid his taxes, raised his family, and has accepted responsibility for this offense from the first day.

The son of a grocer, Mr. Smith has worked all of his life. After a childhood spent working at his father's grocery store, Smith moved on to working at delicatessens. In 1980, he married his wife Mary and they moved from the bay area to Stockton, where they raised two children. Smith's wife and family are nurses, teachers, veterinarians and church workers.

Since 1980, Mr. Smith has supported his wife and children as a general building contractor. Mr. Smith has owned and operated his own small construction business since 1989, working full-time rehabilitating homes and performing repairs.

After over thirty years of this hard work, in 2009, Mr. Smith was recruited by co-defendant Matt Davies to assist in a marijuana dispensary business, and for this work Mr. Smith was paid by Mr. Davies a salary of $8,333 per month. Mr. Smith performed various duties as assigned, and allowed Mr. Davies to use his name on various paperwork involved in the business.

Since this case began Mr. Smith has returned to his full-time trade, construction. With his wife of 30 years he has two adult children and a grandchild. At a time when he should be considering retirement and Social Security, Smith is instead facing years in prison and the imminent loss of his family home due to the imprisonment and the resultant loss of his income and his supplemental Social Security income.

3

Mr. Smith is deeply remorseful for his past conduct and has accepted full responsibility for his actions from the beginning. He is fundamentally a good-natured, generous, and hard-working person with no criminal history whatsoever and is loved and respected by his family and friends.

The Court may consider a defendant's lack of a criminal record as a mitigating factor during sentencing. *United States v. Autrey,* 555 F.3d 864, 874 (9th Cir. 2009). Mr. Smith has no prior criminal record. Aside from the events leading to this current matter, he has lived the life of a law-abiding citizen and has, so far, raised two generations of like-minded citizens.

Mr. Smith's social support system is rock solid, and includes his wife, children, grand-child, brother, sisters, and many friends, as the many attached letters attest.

**2. The Need For The Sentence Imposed To Reflect The Seriousness Of The Offense, To Promote Respect For The Law, And To Provide Just Punishment For The Offense; To Afford Adequate Deterrence To Criminal Conduct; To Protect The Public From Further Crimes Of The Defendant; And To Provide The Defendant With Needed Education Or Vocational Training, Medical Care, Or Other Correctional Treatment In The Most Effective Manner.**

**(a) To Reflect The Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense.**

There is no question that the offense is serious, and Mr. Smith makes no excuses for his past conduct. Federal law is supreme and Mr. Smith clearly understands that his conduct constituted a clear violation of federal law.

Mr. Smith respects the law. His activities leading up to this case represent a dramatic departure from an established history of responsible behavior.

While imprisonment may be a just punishment in this case, 18 U.S.C 3553(a) "contains an overarching provision instructing district courts to 'impose a sentence sufficient, <u>but not greater than necessary</u>' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). (Emphasis added to the original). Mr. Smith already respects the law and is deeply remorseful for his past conduct.

///

///

**(b) To Afford Adequate Deterrence to Criminal Conduct; and
(c) To Protect the Public From Future Crimes by the Defendant.**

Mr. Smith will be the first person in his family spending time in prison, and there is no doubt that the chances of him ever re-offending is zero. His participation in this hare-brained scheme was out of character for him and his family and there is nothing in his history which provides any indication of future misconduct.

**(d) To Provide the Defendant With Needed Education or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Rehabilitation is a factor for the Court to consider at sentencing. *United States v. Grant*, 664 F.3d 276, 279-280 (9th Cir. 2011).

Mr. Smith is an excellent candidate for rehabilitation. He has the desire and the drive, and he truly seeks to recover his life from this unfortunate detour. It has been over two years since the offense, and during that time Mr. Smith has returned to his lifelong pattern of working hard in construction and taking care of his family. He has thus far responded very well to pre-trial supervision and has been making amends with his family and friends.

**3 & 4. The Kinds Of Sentences Available; The Kinds Of Sentence And The Sentencing Range Established for the Offense.**

The charges to which Mr. Smith pled carry a mandatory minimum of five years imprisonment. The guidelines call for imprisonment of 120 months. Pursuant to the plea agreement, the government has agreed to recommend a lower sentence. Any imprisonment imposed by the Court will serve the ends of justice.

**5. Any Pertinent Policy Statement.**

The guidelines are advisory only. *United States v. Booker*, 543 U.S. 220, 245 (2005). Moreover, "The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable. *Nelson v. United States*, 555 U.S. 350, 352 (2009). The sentence should be sufficient, but no greater than necessary to accomplish the goals of sentencing.

///

///

### 6. Unwarranted Sentencing Disparities

The Sentencing Guidelines do not seek to eliminate all disparities, but only those that are unwarranted. See *U.S. v. Plouffe*, 436 F.3d 1062 (9th Cir. 2005). This is consistent with the spirit of *Pepper v. United States*, 131 U.S. 1229 (2011): "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime."

Mr. Smith's co-defendant Matthew Davies has already been sentenced by this court to a term of five years upon the recommendation of the government. Mr. Davies was clearly the ringleader in the offenses to which Mr. Smith has plead guilty, and Mr. Davies clearly controlled the business and, more importantly, all of the money. Mr. Smith, on the other hand, received a set salary of $8,333 per month and nothing more. While these facts do not in any way exculpate Mr. Smith or excuse his criminal behavior, it is instructive to note that the prime mover in the case has received a sentence of five years, substantially below his recommended guideline sentence of 108 months.

In the context of this particular criminal case, it would be appropriate for Mr. Smith to be sentenced to a lower amount as well, and certainly less time than the ringleader. Therefore, sentencing Mr. Smith to the lower sentence recommended by the government based on the unique and individual circumstances of his case will not lead to an "unwarranted" disparity.

### 7. The Need To Provide Restitution To Any Victims Of The Offense.

Restitution does not appear to be an issue in this case.

///
///
///
///
///
///

## **CONCLUSION**

For the above stated reasons and law, Mr. Smith respectfully requests that the Court exercise its discretion to sentence him to a term of 42 months imprisonment, followed by supervised release. Such a sentence is just, adequately addresses the criminal conduct, and promotes continued respect for the Federal law.

Dated: December 18, 2013

Respectfully submitted,

/s/ William J. Portanova

_____

WILLIAM J. PORTANOVA
Attorney for Defendant
LYNN FERRELL SMITH